Louis P. Winner, Esq., Kentucky Bar No. 89248, Texas Bar No. 24066341
New York Bar No. 4716817
winner@derbycitylaw.com
Glenn A. Cohen, Esq., Kentucky Bar No. 13085
gcohen@derbycitylaw.com
SEILLER WATERMAN LLC
2200 Meidinger Tower
462 S. Fourth Street
Louisville, Kentucky  40202
(502) 584-7400, Fax: (502) 583-2100

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BFN, LLC, a Kentucky Limited Liability Company; and JANE DOE, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID ELMS, an individual; ELMS WEB SERVICES, INC., a California Corporation and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:08-CV-7285<br><br>**MEMORANDUM REGARDING PLAINTIFFS' DAMAGES RELATING TO DEFAULT OF DEFENDANT ELMS WEB SERVICES, INC.** |

Come the Plaintiff, BFN LLC, by counsel, and in compliance with an Order of this Court entered on October 14, 2009 hereby submits this memorandum regarding the Plaintiff's entitlement to a default judgment and damages on the issue of copyright infringement against Defendants David Elms and Elms Web Services, Inc.

On or about November 3, 2008 BFN, LLC and "Jane Doe" brought this civil action against Defendants, David Elms and Elms Web Services, Inc. On or about February 4, 2009 both Defendants filed an Answer to the Complaint through Attorney Brandon Block (Docket No. 15).  On March 2, 2009 Mr. Block, the Defendants' Attorney, filed a motion to withdraw as counsel (Docket No. 17).  This motion to withdraw was granted on May 28, 2009.

MEMORANDUM REGARDING PLAINTIFFS' DAMAGES
RELATING TO DEFAULT OF DEFENDANT ELMS WEB SERVICES, INC.

In May of 2009 this Court orally indicated that it would decline to entertain the supplemental state law claims brought in the Plaintiff's Complaint for cybersquatting, violation of right of publicity, defamation, public disclosure of private facts, intentional infliction of emotional distress, and negligence. Hence, the only cause of action before the Courts is for copyright infringement.

On May 28, 2008 the anonymous Plaintiff registered certain work with the United States Copyright Office, registration number VA 1-633-772. A copy of this registration was attached as "Exhibit B" to the Plaintiff's original Complaint (Docket No. 1). On July 25, 2008 this copyright was assigned to BFN, LLC, a Kentucky Limited Liability Company. A copy of this assignment was attached as "Exhibit C" to the Plaintiff's original complaint (Docket No. 1). The Plaintiff, BFN LLC has alleged that both Defendant David Elms and Elms Web Services, Inc. violated its copyright by publishing certain copyrighted pictures and website designs on a subsequent website without authority, permission, or license. BFN has requested a permanent injunction against the Defendants, their agents, servants, employees, successors, assigns and all others in concert or privity with them from infringing Plaintiff's Works, and for damages associated with this copyright infringement.

On or about May 28, 2009, this Court entered an Order which in part allowed the Defendant's counsel to withdraw and scheduled a status conference for June 22, 2009 which required both Defendants to be present (Docket No. 31). The June 22, 2009 Order also advised the corporate defendant that it could not appear without counsel. On June 22, 2008, the Court conducted a status conference, at which both Defendants failed to attend or have counsel. At the June 22, 2009 Status Conference this Court ordered the corporate defendant Elms Web Services, Inc. to appear and show cause why its answer should not be stricken for failure to appear at the hearing.

On July 16, 2009 the corporate defendant, Elms Web Services, Inc. again ignored this Court's Orders and failed to secure counsel to represent its interests before the Court. Hence, on July 16, 2009 this Court entered an Order striking the Answer of the corporate Defendant,

2

MEMORANDUM REGARDING PLAINTIFFS' DAMAGES
RELATING TO DEFAULT OF DEFENDANT ELMS WEB SERVICES, INC.

Elms Web Services, Inc, from the record (Docket No. 39). At this time, the Court also ordered the Plaintiff to re-file its Motion for Default Judgment. A hearing date was then scheduled for August 17, 2009 and the individual Defendant, David Elms, was ordered to personally appear and to show cause why his Answer should not be stricken from the record for failure to defend. At that time, this Court struck the Answer of the corporate defendant Elms Web Services, Inc., and entered a default against Elms Web Services, Inc. This Court then scheduled a hearing for August 24, 2009 on the Plaintiff's Motion to Strike the Defendant David Elms Answer for his failure to defend this matter.

**I.     COPYRIGHT INFRINGEMENT**

In order to prevail on a claim of copyright infringement, a plaintiff must prove that he or she "owns the copyright and that the defendant copied protected elements of the work." *See Jada Toys v. Mattel, Inc, 518 F. 3d 628* (9th Cir. 2008). Damages for copyright infringement fall into two categories: statutory damages and actual damages. Statutory damages (and attorneys fees) are available to a plaintiff only if the infringement occurred *after* the registration. 17 U.S.C. §§412, 504. If the infringement occurred prior to the registration, as in this case, a plaintiff is only entitled to the actual damages attributable to the infringement plus the Defendant's profits, to the extent that these are not included in the actual damages. *Id.* The element of disgorgement of profits is permitted in order to prevent the Defendant from benefitting from the infringement, and may include indirect profits, where the copyrighted work is used to sell another product. *Blair v. World Tropics Productions, Inc.*, 502 F.Supp.2d 828 (W.D.Ark. 2007). The measure of damages for the infringement of photographs is typically the reasonable value of a license to use the copyrighted work. *See Faulkner v. National Geographic Society*, 576 F.Supp.2d 609 (S.D.N.Y. 2008); and *Barrera v. Brooklyn Music, Ltd.*, 346 F.Supp.2d 400 (S.D.N.Y. 2004).

Here, Defendant used Plaintiff's photographs and website design without permission or license. These photographs and website designs stemmed from four different photo shoots. The anonymous Plaintiff is a model, and in the ordinary case of her modeling

3

MEMORANDUM REGARDING PLAINTIFFS' DAMAGES
RELATING TO DEFAULT OF DEFENDANT ELMS WEB SERVICES, INC.

business she regularly charges $4,000 per photo shoot. At the hearing currently scheduled for November 23, 2009 the Plaintiff will testify that this $4,000.00 fee represents the value of a license, inasmuch as the infringing works relate to five (5) different photo shoots. Hence, the Plaintiff will request $20,000.00 in fees for the Defendants' unauthorized use of her photographs, which also represents the value of the Plaintiff's license rights.

Dated: November 11, 2009

By:   /s/ Louis P. Winner
Louis P. Winner, Attorney for Plaintiffs
Glenn A. Cohen, Attorney for Plaintiffs
SEILLER WATERMAN LLC
2200 Meidinger Tower
462 S. Fourth Street
Louisville, Kentucky  40202
winner@derbycitylaw.com
gcohen@derbycitylaw.com
Telephone No.: 582-584-7400

Michael W. Fattorosi, Attorney for Plaintiffs
LAW OFFICES OF FATTOROSI & CHISVIN
6300 Canoga Avenue, Suite 550
Woodland Hills, California 91367
michael@fclawyers.com
Telephone No.: 818-881-8500

MEMORANDUM REGARDING PLAINTIFFS' DAMAGES
RELATING TO DEFAULT OF DEFENDANT ELMS WEB SERVICES, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 2009, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:
(None)

I further certify that I mailed the foregoing document and the notice of electronic filing by regular first class mail to the following non-CM/ECF participants:

David Elms
CDC No. G67439
North Kern State Prison
2737 West Cecil Avenue
Delano, CA 93215

David Elms
Elms Web Services, Inc.
5228 West 124 Street
Hawthorne, California 90250

                                            /s/ Louis P. Winner
Louis P. Winner, Attorney for Plaintiffs
Glenn A. Cohen, Attorney for Plaintiffs

5

MEMORANDUM REGARDING PLAINTIFFS' DAMAGES
RELATING TO DEFAULT OF DEFENDANT ELMS WEB SERVICES, INC.